ALBANY,
Oct. 1827.

Mott
v.
Jerome.

## MOTT *against* JEROME.

THE defendant, after obtaining a discharge under the act to abolish imprisonment for debt in certain cases, (sess. 42, ch. 101,) was, under an order of a commissioner, arrested and holden to give bail to the sheriff in this suit for a debt due previous to the discharge.

A motion to discharge on common bail, after a judge's or commission- er's order to hold to bail, under the 3d section of the act to abolish imprisonment for debt, &c., (sess. 42, ch. 101,) must be founded on some defect in the proof on which the or- der was found- ed; which de- fect must be shown by the defendant.

A motion was now made to discharge him on common bail, founded on an affidavit of the discharge. But the affidavit on which the commissioner made the order was not shown.

*H. D. Barto*, for the motion.

*H. V. R. Schermerhorn*, contra.

A general allegation of fraud before the commis- sioner, without proof of facts showing pro- bable cause for the allegation, would not, it seems, be suf- ficient to war- rant the order.

*The Court* said they could not grant the motion, because it was not shown what was the proof on which the orders were made by the commissioner. For aught that appears, a plain case of fraud may have been made out before him. If so, the statute, (sess. 42, p. 117, s. 3,) warrants this order; and the court must, till the contrary appear, intend that the commissioner acted on competent proof.

[*519]

*But they said, if the affidavit before the commissioner had been shown, and seen to be insufficient, they would have granted the discharge: as if it had contained a mere general allegation of fraud, or a belief of fraud in the discharge, without setting forth facts which would amount to probable cause for such belief.

Motion denied.